IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

VINCENT R. WHEELER                                                                 PETITIONER

V.                                                      CIVIL ACTION NO. NO. 1:07CV224-WAP-JAD

R. KING, et al.                                                                     RESPONDENTS

## REPORT AND RECOMMENDATION

The respondents have moved to dismiss the petition for habeas corpus (Doc. 6) asserting that it is time barred. Wheeler challenges his conviction and sentence for robbery, burglary and aggravated assault.

Title 28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was
prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

On May 22, 2001, Wheeler was convicted of armed robbery, burglary and aggravated assault in the Circuit Court of Lee County, Mississippi. An appeal was prosecuted. The Mississippi Supreme Court affirmed the sentence and conviction on September 19, 2002. Wheeler's conviction became final on December 18, 2002, after the ninety days allowed for the filing of a petition for writ

of certiorari to the United States Supreme Court expired. In the absence of a properly filed state post-conviction motion, Wheeler's federal statute of limitations expired on December 18, 2003. There are no state court filings prior to December 18, 2003, therefore the tolling provisions of the AEDPA are inapplicable to this case. Wheeler filed his federal habeas petition between September 13, 2007 and September 17, 2007, almost four years too late. He makes no showing of exceptional circumstances that would call for equitable tolling of the federal period of limitations.

The undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice as untimely.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 19th day of March, 2008.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE